**FURNITURE LEASE COMPANY,**
Appellee,

v.

**George M. TIDWELL, Commissioner, Department of Revenue, State of Tennessee, Appellant.**

Supreme Court of Tennessee.

May 21, 1973.

David M. Pack, Atty. Gen., State of Tennessee, Everett H. Falk, Asst. Atty. Gen., Nashville, for appellant.

Hamilton V. Gayden, Jr., Nashville, for appellee.

OPINION

HUMPHREYS, Justice.

Furniture Lease Company, for the periods in question, was in the business of leasing furniture to individuals. This leasing was by written contract. Although there is no specification therefor in the lease contract used by Furniture, it required its lessees to deposit an amount equal to the monthly rental payment plus the next five dollar figure above this amount. This deposit was forfeited by Furniture if the lessee failed to pay the stipulated rent, or if the lessee converted or damaged the furniture. Approximately 75% of the amount deposited was applied to the payment of unpaid rent, 25% of the deposits were forfeited due to the loss or damage of furniture. These deposits were initially placed in a liability account. From this account they were transferred to an income account to the extent that the deposit was applicable to unpaid rental or to loss or damage to furniture. Furniture paid federal income taxes on this amount added to its income but did not report the amount involved for Tennessee sales tax purposes. The Commissioner collected sales taxes, interest and penalty from Furniture in the amount of $3,056.54, on the basis that this money was "gross proceeds" from the leasing of tangible personal property and was taxable under § 67–3024 T.C. A. The Chancellor held against this contention saying that the money was security for the lease contract, and not "gross proceeds". The Commissioner has appealed

and assigned errors which adequately raise the question, whether a deposit required by a lessor of tangible personal property, which upon forfeiture is to be used by the lessor exactly as any other gross proceeds from the lease contract, is taxable under § 67–3024 T.C.A.

■ The question answers itself. When a lessor of tangible personal property requires a lessee to pay an amount, in addition to the amount that is denominated as rent, with the understanding expressed or implied that the amount so deposited is to be applied when forfeited exactly as any other gross proceeds would be applied, then, the amount of the deposit forfeited is necessarily a part of the "gross proceeds" of the rental or lease contract.

§ 67–3024 T.C.A. provides as follows:

"Gross proceeds from rentals or leases of tangible personal property shall be reported and the tax shall be paid with respect thereto in accordance with such rules and regulations as the commissioner may prescribe.

"It is declared to be the intention of this chapter to impose a tax on the gross proceeds of all leases and rentals of tangible personal property in this state where the lease or rental is a part of the regularly established business, or the same is incidental or germane thereto."

■ In considering this question, it is important to bear in mind that the statute does not levy the tax in terms of rental receipts, but in terms of "gross proceeds". This difference is important because the term "rent" or "rental" could be subject to any number of definitions whereas the term "gross proceeds" is subject only to one definition, that being everything of value received by the lessor because of the leasing of the property. And, when this evidently intended definition is applied in this case the money taken as a deposit and used in the payment of back rent and the repair and replacement of property is taxable.

This case was tried in the chancery court, and has been briefed and argued in this Court, on the assumption that the lease contract form used by Furniture provides for a deposit and defines its nature and purpose. In fact, this is not the case. Nothing is said in the contract form about a deposit. This is not too important, but it does make more untenable the contention that money, which, when forfeited, is to be applied exactly like all other gross proceeds, is in some way carved out of gross proceeds by denominating it as "security."

The fallacy in the contention the deposits constitute a security fund and are so not a part of the gross proceeds is, we think, immediately apparent when consideration is given to the fact that no tax has been collected on any security money that has been refunded, but only upon deposits that had been applied for the benefit of the lessor, just as all other funds were applied, and so had lost their identity as a security fund.

There is no case in Tennessee, or elsewhere, in point on the proposition under consideration. Furniture Lease Company cites Fisher Flouring Mills Co. v. State, 35 Wash.2d 482, 213 P.2d 938; Klies v. Linane, 117 Mont. 59, 156 P.2d 183; Sline Properties, Inc. v. Colvin (C.A.4) 190 F.2d 401; Standard Oil Co. v. State, 283 Mich. 85, 276 N.W.2d 908. These cases are not in point. If we were to follow the Appellee's argument, based on these cases, that the forfeited deposits did not increase gross proceeds, only the "value" or "profits" of the business, and that upon this technical distinction the tax can be avoided, we would end up with a statute construction which would place it in the power of a lessor to lease tangible personal property for a year, collect an amount from the lessee equal to six months rent and an equal amount as security for the next six months, and avoid paying any tax on the last six months rental by the simple expedient of forfeiting the deposit as the rent became delinquent. The legislature has avoided any such possibility by levying the

tax on "gross proceeds", and not upon "rentals"; and "gross proceeds" means everything of value that the lessor derives from the lease.

The assignments of error are sustained and the suit to recover the taxes paid under protest is dismissed.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.